# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SETH PRYOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. |
| vs. | ) | |
| | ) | |
| CHICAGO POLICE OFFICER JACK REED, | ) | |
| STAR #18666; CHICAGO POLICE OFFICER | ) | |
| MASON JOSE, STAR #5441; CHICAGO POLICE | ) | |
| OFFICER TABATHA PRINGLE, STAR #110047; | ) | |
| and THE CITY OF CHICAGO, a Municipal | ) | |
| Corporation, | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, SETH PRYOR, by and through his attorneys, LAW OFFICES OF JEFFREY J. NESLUND, and complains of the DEFENDANTS, CHICAGO POLICE OFFICER JACK REED, STAR #18666; CHICAGO POLICE OFFICER MASON JOSE, STAR #5441; CHICAGO POLICE OFFICER TABATHA PRINGLE, STAR #110047 (hereinafter "DEFENDANT OFFICERS"); and THE CITY OF CHICAGO, as follows:

## INTRODUCTION

1. This is an action for civil damages brought pursuant to 42 U.S.C. **§** 1983 for the deprivation of Plaintiff, SETH PRYOR's, constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331, 1343 and 1367.

3. Venue in this district is proper pursuant to 28 U.S.C sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

Further, the PLAINTIFF and DEFENDANTS reside within this judicial district and DEFENDANT CITY OF CHICAGO is a municipal corporation located within this district.

4. The DEFENDANT OFFICERS were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

**FACTUAL SUMMARY**

5. On or about January 25, 2017, PLAINTIFF resided with his mother and older brother at 9215 S. Forest Avenue in Chicago, Cook County, Illinois.

6. On January 25, 2017, the DEFENDANT OFFICERS entered the PLAINTIFF's residence despite the fact they did not have any legal authority or consent to do so.

7. The DEFENDANT OFFICERS conducted an illegal search of the PLAINTIFF's residence and discovered a handgun legally owned and registered to the PLAINTIFF's older brother.

8. The PLAINTIFF was subsequently arrested by the DEFENDANT OFFICERS in his own home and charged with possession of his brother's handgun.

9. The DEFENDANT OFFICERS subsequently conspired to cover up and justify their illegal entry, search and arrest of the PLAINTIFF in his home.

10. The DEFENDANT OFFICERS committed the following acts in furtherance of this conspiracy including, but not limited to:

    (a) writing false narratives in sworn police reports;

    (b) signing false criminal complaints against the PLAINTIFF; and

    (c) providing false information and perjured testimony to prosecutors.

11. Based on the DEFENDANT OFFICERS' misconduct and fabrications outlined above, the PLAINTIFF's bond was set at $150,000.00, despite the fact he had no prior felony convictions, and he was confined to the Cook County Department of Corrections.

12. On July 10, 2017, the Cook County State's Attorneys' Office dismissed all criminal charges initiated by the DEFENDANT OFFICERS.

## COUNT I
## 42 U.S.C. § 1983: False Arrest/Unlawful Detention
(Defendant Officers)

13. PLAINTIFF re-alleges and incorporates paragraphs 1-12 as fully stated herein.

14. As described above, DEFENDANT OFFICES falsely arrested and unlawfully detained PLAINTIFF without justification and without probable cause.

15. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the PLAINTIFF.

16. As a result of the above-described wrongful infringement of PLAINTIFF'S rights, PLAINTIFF suffered damages, including but not limited to prolonged physical incarceration and severe mental distress and anguish.

## COUNT II
## Fourth Amendment Claim for Deprivation of Liberty
(Defendant Officers)

17. Plaintiff re-alleges and incorporates paragraphs 1-12 above as fully stated herein.

18. As a result of evidence fabricated by the DEFENDANTS, the Plaintiff was deprived of his liberty and was incarcerated in the Cook County Department of Corrections.

19. But for the misconduct of the DEFENDANTS outlined above, the Plaintiff would not have suffered a deprivation of his liberty.

20. The misconduct of DEFENDANTS outlined above proximately caused injury to the Plaintiff, including, but not limited to prolonged incarceration, humiliation, embarrassment, and severe emotional distress.

## COUNT III
**(Conspiracy Claims)**
(All Defendants)

21. PLAINTIFF re-alleges and incorporates paragraphs 1-12 above as fully stated herein.

22. Pleading in the alternative as described more fully above, the DEFENDANT OFFICERS conspired with each other to frame the PLAINTIFF as the offender involved in the robbery. The DEFENDANT OFFICERS also acted in concert with each other to intentionally deprive PLAINTIFF of his constitutional rights under color of law.

23. In furtherance of this conspiracy, the DEFENDANTS took overt acts in fabricating evidence, manipulating the false identification of PLAINTIFF and withholding exculpatory evidence from prosecutors, all in violation of both state and federal law.

24. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of the PLAINTIFF.

25. As a result of the above-described wrongful infringement of PLAINTIFF'S rights, he have suffered financial and other damages, including but not limited to substantial incarceration, mental stress and anguish.

26. The aforementioned actions of the DEFENDANTS were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

## COUNT IV
**(Indemnification)**

27. PLAINTIFF re-alleges and incorporates paragraphs 1-12 above as fully stated herein.

4

28. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

29. The DEFENDANT OFFICERS acted within the scope of their employment in committing the misconduct described herein. Therefore, DEFENDANT CITY OF CHICAGO is liable as their employer for any resulting damages or award of attorney's fees.

## REQUEST FOR RELIEF

30. Plaintiff, SETH PRYOR, respectfully requests that the Court:

    a. Enter a judgment in his favor and against all Defendants;

    b. Award compensatory damages against all Defendants;

    c. Award attorney's fees against all Defendants;

    d. Award punitive damages against all Defendants; and

    e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

PLAINTIFF, SETH PRYOR, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

> Respectfully submitted,
>
> /s/ Jeffrey J. Neslund
> JEFFREY J. NESLUND
> Attorney for Plaintiff

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 223-1100